UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Nathan Wollman, *Plaintiff*, v. Laura Henry Kelly, *et al.*, *Defendants*. | No. 23 CV 14778 Judge Lindsay C. Jenkins |

ORDER

Plaintiff Nathan Wollman was employed from October 29, 2007 to April 10, 2018 by the Circuit Court of Cook County. [Dkt. 1 ¶ 1.] Wollman alleges that he left personal property in his office, which was unavailable when he returned to retrieve it sometime in 2018. [*Id.* ¶¶ 2–3.] He sent an email to Defendant Laura Kelly on October 11, 2018 demanding his property be returned. [*Id.* ¶ 4.] While Kelly said she would conduct an investigation into the missing property, she allegedly did nothing and did not respond to a follow-up email in 2021. [*Id.* ¶ 5.] Wollman filed this suit on October 11, 2023, asserting a procedural due process claim pursuant to 42 U.S.C. § 1983 and a state law conversion claim. [*Id.* ¶¶ 6–7.] Wollman's Complaint does not allege a basis for jurisdiction, but his civil cover sheet indicates he is proceeding under federal question jurisdiction (and, presumably, supplemental jurisdiction over the state law claim). [Dkt. 2.] *See* 28 U.S.C. §§ 1331, 1367(a). A summons has not yet issued, and it is apparent that Wollman's Complaint is deficient and must be amended if this case will proceed. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) (noting that district courts can screen complaints for "transparently defective suits" on their own authority).

The first problem is that Wollman's Complaint does not allege actions by both Defendants. His Complaint suggests that "the Circuit Court of Cook County's Office of the Chief Judge" is a Defendant [Dkt. 1 ¶ 1], but Wollman actually names Chief Judge Timothy Evans and Kelly, a human resources administrator, as Defendants [Dkt. 2]. The Complaint contains allegations about Kelly, but it attributes no conduct to Judge Evans or the Office of the Chief Judge. This is problematic because § 1983 claims require personal involvement; even if an employee violated Wollman's constitutional rights, neither Judge Evans nor his office can be held liable unless he or it caused Wollman's injury. *See Gonzales v. McHenry County*, 40 F.4th 824, 828–29 (7th Cir. 2022). Wollman is proceeding *pro se*, so the Court construes his allegations liberally, *Balle v. Kennedy*, 73 F.4th 545, 557 (7th Cir. 2023), but he still must allege what each Defendant personally did to violate his rights. Wollman's only relevant allegation is that "Defendant has wrongfully and illegally withheld property

1

that does not belong to it." [Dkt. 1 ¶ 5.] Even read liberally, this allegation does not allege facts that could allow Wollman to recover against Judge Evans or his office. *See Balle*, 73 F.4th at 557.

There is a second problem, too. Wollman alleges that his procedural due process rights were violated, which "occurs when there has been: '(i) a deprivation by state action of a protected interest in life, liberty, or property, and (ii) inadequate state process.'" *Sherwood v. Marchiori*, 76 F.4th 688, 694 (7th Cir. 2023) (internal alteration omitted) (quoting *Reed v. Goertz*, 143 S. Ct. 955, 961 (2023)). Wollman alleges that he had a protected property interest in the property in his former office, but it is not clear how he believes the government deprived him of that interest. Was his property disposed of pursuant to an official policy regarding former employees, or did someone destroy his property without authorization? This distinction matters because if the loss of his property was "random and unauthorized," as long as the state provides adequate remedies to Wollman after the fact, it has satisfied due process. *See Prude v. Meli*, 76 F.4th 648, 657 n.5 (7th Cir. 2023). If this is the case, then the fact that Wollman can pursue a conversion claim under Illinois law—as he has done in this lawsuit—is an adequate post-deprivation remedy that satisfies due process. *See Tucker v. Williams*, 682 F.3d 654, 661 (7th Cir. 2012) (holding that the availability of an Illinois conversion claim satisfies due process). If, on the other hand, disposing of his property was not random and unauthorized but rather was dictated by a policy, Wollman may have been entitled to a hearing beforehand. *See Prude*, 76 F.4th at 657 n.5. But even construing Wollman's allegations liberally, he has not sufficiently alleged that his property was lost due to an official policy. In fact, his allegation that Kelly said she would conduct an investigation indicates that there was not a policy that required the destruction of his property. Wollman has therefore failed to plausibly allege a due process violation, and that claim must be dismissed.

The dismissal of his due process claim also means his conversion claim must be dismissed. Without a federal claim to provide jurisdiction, the Court cannot hear his state law claim unless the requirements for diversity of citizenship jurisdiction are satisfied. 28 U.S.C. § 1332(a). Wollman has not alleged that he and all Defendants are citizens of different state or that there is more than $75,000 in controversy, so the Court is unable to exercise diversity jurisdiction. *See Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 633–36 (7th Cir. 2021).

For the foregoing reasons, Wollman's Complaint [Dkt. 1] is dismissed without prejudice. Wollman will be given an opportunity to file an amended complaint. If he does so, he must: (1) state the basis for jurisdiction for every claim and allege that the requirements for exercising jurisdiction are satisfied; (2) explain whether his property was disposed of by a random and unauthorized act or under an official policy; and (3) allege what each Defendant personally did to violate his rights. Wollman may need to make some allegations on the basis of "information and belief," which is permissible. *See, e.g., Green v. Beth*, 663 F. App'x 471, 473–74 (7th Cir. 2016) (nonprecedential). But he must allege enough facts for the Court to conclude, first,

2

that it has jurisdiction over this case and, second, that if what Wollman alleges is true, he may have a winning claim. An amended complaint must include all relevant information in a single document. Wollman may not rely on information he alleged in his original Complaint; the Court will not refer back to it when evaluating an amended complaint.

An amended complaint is due by November 16, 2023. If Wollman does not file an amended complaint or such a complaint fails to correct the deficiencies the Court has identified, it will dismiss this case.

Enter: 23-cv-14778
Date: October 26, 2023

_____
Lindsay C. Jenkins
United States District Judge