**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NATHAN WOLLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 23 CV 14778 |
| v. | ) | |
| | ) | Honorable Lindsay C. Jenkins |
| LAURA HENRY KELLY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**PURSUANT TO FED. R. CIV. P. 12(b)(1) and 12(b)(6)**

NOW COMES Defendant LAURA HENRY KELLY, by her counsel, KIMBERLY M. FOXX, State's Attorney of Cook County, and through her assistant, CHRISTOPHER NUGARUS, and hereby moves this Honorable Court to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support thereof, Defendant states the following:

**INTRODUCTION**

Plaintiff initially filed his *pro se* Complaint on October 11, 2023. Dkt. 1. This Court conducted a review of Plaintiff's Complaint pursuant to § 1915A and entered an Order on October 26, 2023, dismissing Plaintiff's Complaint without prejudice. Dkt. 8, pgs. 2–3. This Court gave Plaintiff an opportunity to file an amended complaint addressing the deficiencies outlined in the October 26, 2023 Order. *Id.* Plaintiff filed his First Amended Complaint on November 16, 2023. Dkt. 9. This Court accepted Plaintiff's First Amended Complaint as to Defendant Laura Henry Kelly (hereafter "Defendant") on November 17, 2023. Dkt. 10. Subsequently, Plaintiff filed his Second Amended Complaint on May 24, 2024. Dkt. 33. Count I of Plaintiff's Second Amended Complaint asserts a procedural due process and uncompensated taking claim against Defendant in

1

her personal and official capacities under 42 U.S.C. § 1983. *Id.*, ¶¶ 13-18. Count II of Plaintiff's Second Amended Complaint asserts a conversion claim under Illinois state law. *Id.*, ¶¶ 19-20.

Defendant moves to dismiss Plaintiff's Complaint for the following reasons. First, Plaintiff's federal claims are time barred and must be dismissed as untimely. Second, Plaintiff's state law claim is barred by sovereign immunity and must be dismissed for lack of subject-matter jurisdiction. Lastly, because Plaintiff's federal claims are time barred, this Court should decline to exercise supplemental jurisdiction and dismiss Plaintiff's state law claim.

## STATEMENT OF RELEVANT FACTS

The following facts are taken from Plaintiff's Second Amended Complaint and presumed to be true solely for the purposes of Defendant's Motion to Dismiss. Plaintiff was employed by the Circuit Court of Cook County from October 29, 2007, to April 10, 2018. Dkt. 33, ¶ 1. Plaintiff alleges that, at the conclusion of his employment, he left personal property—consisting of seven books and a handheld ultrasound device—in his office, and those items were unavailable when he returned to retrieve them in late April and again in July of 2018. *Id.* ¶¶ 4, 6. Plaintiff alleges his property was dislocated by an unidentified person with authority and moved to a shelf in a location not accessible by Plaintiff. *Id.* ¶ 7. Plaintiff sent an email to Defendant on October 11, 2018, demanding the return of his property. *Id.* ¶ 9. On October 19, 2018, Defendant replied to Plaintiff's email stating that she would investigate the missing items, but then allegedly failed to communicate further with Plaintiff. *Id.* ¶ 10. Plaintiff alleges either no investigation occurred, or the investigation conducted was inadequate and incomplete. *Id.* Approximately two years later, Defendant allegedly failed to respond to a follow-up email sent by Plaintiff on May 28, 2021. *Id.* ¶ 11. Plaintiff alleges Defendant's actions and/or omissions wrongfully caused the Circuit Court

2

of Cook County, as an extension of the State of Illinois, to deprive Plaintiff of his private property without due process of law and unlawfully converted said property. *Id.* ¶ 12.

## **LEGAL STANDARD**

Rule 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Sovereign immunity implicates the Court's subject-matter jurisdiction and is evaluated under Rule 12(b)(1). *Avitia v. City of Chicago*, 2024 U.S. Dist. LEXIS 90067, at *4 (N.D. Ill. May 20, 2024); *see Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 520 (7th Cir. 2021) (explaining sovereign immunity is a jurisdictional defense that "bars actions in federal courts against a state, state agencies, or state officials acting in their official capacities" (quoting *Council 31 of the Am. Fed'n of State, Cnty. & Mun. Emps. v. Quinn*, 680 F.3d 875, 881 (7th Cir. 2012)). The court may "look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015); *see also Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) (explaining that court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue").

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan*, 570 F.3d at 820. To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The "allegations must be enough to raise a right to relief above the

speculative level." *Twombly*, 550 U.S. at 555.

## ARGUMENT

### I. Plaintiff's Federal Claims Are Time Barred by the Statute of Limitations.

Plaintiff's § 1983 claims are barred by the statute of limitations. In Illinois, § 1983 claims have a two-year statute of limitations. *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019) ("A § 1983 claim borrows the statute of limitations for analogous personal-injury claims in the forum state; in Illinois that period is two years."). Although state law governs the length of the limitations period, federal law determines when the cause of action accrues. *Id.* Under federal law, "[a] § 1983 claim accrues when a plaintiff knows or should know that his constitutional rights have been violated." *Woods v. City of Rockford*, 367 F. App'x 674, 678 (7th Cir. 2010).

Here, Plaintiff's § 1983 claims are based on Defendant's alleged failure to sufficiently investigate the dislocation of Plaintiff's personal property which was left in Plaintiff's office after his employment with the Circuit Court of Cook County concluded. *See* Dkt. 33. Plaintiff first became aware that his property was missing in late April 2018, when he returned to his former office to retrieve it but found that the property was not there. *Id.* ¶ 6. Specifically, Plaintiff alleges that his personal property "was not available, apparent, or accessible to Plaintiff when he returned to the George W Dunne Cook County Office Building to retrieve the remainder of his personal property in late April and in July of 2018…" *Id.* Plaintiff learned of the alleged unconstitutional taking of his property when he returned to his former office on two separate occasions in 2018 and discovered his property was missing. Therefore, Plaintiff's federal cause of action accrued in July 2018, after he returned to retrieve property a second time, meaning he had two years, until July 2020, to initiate this lawsuit. Plaintiff did not initiate this lawsuit until October 11, 2023, more than five years after learning that the remainder of his personal property was missing. Even if this

Court finds that Plaintiff's cause of action did not accrue until he sent his first demand email to Defendant on October 11, 2018, or his follow-up email to Defendant on May 28, 2021, the two-year statute of limitations still elapsed long before Plaintiff submitted his first Complaint, on October 11, 2023.

**II.      Plaintiff's State Law Claim Is Barred by Sovereign Immunity.**

Plaintiff's state law conversion claim against Defendant as contained in Count II of the Second Amended Complaint is effectively a claim against the State of Illinois and barred by the doctrine of sovereign immunity. "'Sovereign immunity is the privilege of the sovereign not to be sued without its consent' and is secured to the states by the Eleventh Amendment." *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 520 (7th Cir. 2021) (quoting *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011)). In addition to preventing citizens from suing states in federal court, sovereign immunity "bars actions in federal court against . . . state officials acting in their official capacities." *Id.* (quoting *Council 31 of the Am. Fed'n of State, Cnty. & Mun. Emps. v. Quinn*, 680 F.3d 875, 881 (7th Cir. 2012)). Under the doctrine, states are immune from suit in federal court by private litigants unless (1) the state unequivocally waives sovereign immunity, (2) Congress unequivocally abrogates the state's immunity through its enforcement powers under the Fourteenth Amendment, or (3) the suit seeks prospective relief against a state official for an ongoing violation of federal law (also known as the *Ex parte Young* exception). *Kroll v. Bd. of Trs. of Univ. of Ill.*, 934 F.2d 904, 907–08 (7th Cir. 1991) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

As this Court has stated, the Office of the Chief Judge of the Circuit Court of Cook County "is an 'arm of the state' of Illinois" and is therefore protected by the Eleventh Amendment. *Loizon v. Evans*, 2020 U.S. Dist. LEXIS 161382, at *10 (N.D. Ill. Sept. 3, 2020) (quoting *Haag v. Cook Cnty. Adult Prob.*, 2018 U.S. Dist. LEXIS 180533, at *14 n.4 (N.D. Ill. Oct. 22, 2018)).

Furthermore, "[s]tate agencies and officials sued in their official capacities are 'the state' for Eleventh Amendment purposes." *Olison v. Ryan*, 2000 U.S. Dist. LEXIS 13074, at *13 (N.D. Ill. Sep. 1, 2000) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).

Here, Plaintiff's supplemental state law conversion claim against Defendant is effectively a claim against the State of Illinois. Throughout the Second Amended Complaint, Plaintiff acknowledges his claims against Defendant in her official capacity are essentially claims against the State. Specifically, in paragraph 12 of his Second Amended Complaint, Plaintiff alleges:

> By omission, Defendant has wrongfully and illegally caused the Circuit Court of Cook County to convert property to which it does not hold legal title by refusing to locate and return the Property. The Circuit Court of Cook County, as an extension of *the State of Illinois*, has no legal authority to deprive U.S. citizens of their private property without due process of law... Dkt. 33 ¶ 12 (emphasis added).

Moreover, Defendant, in her official capacity as Human Resources Administrator for the Office of the Chief Judge, is a state official protected by sovereign immunity. Plaintiff notes that "[f]iling a conversion action in state court would essentially involve making the forum itself a defendant; the forum would be both the forum for hearing the claim and a party in the action being adjudicated." Dkt. 33 ¶ 16. Therefore, Plaintiff's claims against Defendant purport to be claims against the State of Illinois.

Defendant acknowledges that a narrow exception to sovereign immunity "allows suits . . . for declaratory or injunctive relief against state officers in their official capacities." *Reed v. Goertz*, 598 U.S. 230, 234 (2023). Specifically, "[u]nder the *Ex parte Young* doctrine, private parties may sue individual state officials for prospective relief to enjoin ongoing violations of federal law." *Lukaszczyk v. Cook Cnty.*, 47 F.4th 587, 604 (7th Cir. 2022) (citation and internal quotation marks omitted). Injunctive relief is prospective relief; monetary damages are not. *Valcq*, 16 F.4th at 521. In his Second Amended Complaint, Plaintiff expressly states that he seeks prospective

6

injunctive relief; therefore Plaintiff's federal claims arguably fall under the *Ex parte Young* exception; however, the same cannot be said for Plaintiff's state law conversion claim. The *Ex parte Young* exception does not apply to Count II of Plaintiff's Second Amended Complaint because Count II alleges a violation of state—not federal—law. *See Ex parte Young*, 209 U.S. 123, 159–60 (1908) (creating an exception to sovereign immunity for federal suits seeking prospective relief for ongoing violations of federal law); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (refusing to apply *Young* to a state law claim). Therefore, notwithstanding the extent to which Plaintiff's federal claims seek prospective injunctive relief, Plaintiff's state law conversion claim remains barred by sovereign immunity and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.

### III. Plaintiff's State Law Claim Should be Dismissed for Lack of Jurisdiction.

As stated above, Plaintiff's federal claims under § 1983 are untimely and must be dismissed. With no viable claim under federal law against Defendant, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law conversion claim. *See* Dkt. 33 ¶¶ 19–20. This Court's exercise of jurisdiction over state law claims is an exercise of supplemental jurisdiction. 28 U.S.C. § 1367. Under 28 U.S.C. § 1367(a), federal courts have supplemental jurisdiction over claims that arise out of the "same case or controversy" as a claim over which the court has original jurisdiction. "[A] district court may decline to exercise supplemental jurisdiction over pendent state-law claims if the court has dismissed all claims over which it has original jurisdiction." *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1250 (7th Cir. 1994) (internal quotation marks omitted) (citing 28 U.S.C. § 1367(c)(3)). The Seventh Circuit has adopted the general rule that "when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Id.*

7

at 1251. District courts may decline to exercise supplemental jurisdiction over a claim if it has dismissed the claim over which it has original jurisdiction. 28 U.S.C. §1367(c)(3).

As stated above, Plaintiff's § 1983 claims should be dismissed as untimely, and thus Defendant respectfully requests this Court decline to exercise supplemental jurisdiction over Plaintiff's state law conversion claim and dismiss the state law claim in Count II.

**WHEREFORE**, for the foregoing reasons, Defendant respectfully requests that this Honorable Court (1) enter an order dismissing all Plaintiff's claims against her in their entirety with prejudice, and (2) enter an award for any further relief this Honorable Court deems just and equitable.

Dated: June 28, 2024

                                              Respectfully submitted,

                                              KIMBERLY FOXX
                                              State's Attorney of Cook County

                                By:    */s/ Christopher Nugarus*
                                         Christopher Nugarus
                                         Assistant State's Attorney
                                         Cook County State's Attorney's Office
                                         500 Richard J. Daley Center
                                         Chicago, Illinois 60602
                                         (312) 603-5527
                                         Christopher.Nugarus2@cookcountysao.org

## CERTIFICATE OF SERVICE

I, Christopher Nugarus, hereby certify that, on June 28, 2024, I have caused a true and correct copy of **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)** to be sent via e-filing to all parties of record in accordance with the rules regarding the electronic filing and service of documents.

*/s/ Christopher Nugarus*
Christopher Nugarus
Assistant State's Attorney
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5527
Christopher.Nugarus2@cookcountysao.org